UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KATHARINE HORN, an individual,

    Plaintiff,

v.                                   CASE NO.: 2:25-cv-260-JLB-KCD

SUPERIOR FENCE & RAIL OF
SOUTHWEST FLORIDA, INC.,
a Florida Corporation, and GARY LOCKE,
an individual.

    Defendants.

_____/

Defendants, SUPERIOR FENCE & RAIL OF SOUTHWEST FLORIDA, INC. ("SUPERIOR") and GARY LOCKE, by and through their undersigned counsel, answer the Complaint as follows:

## CAUSES OF ACTION

1.    Admitted that Plaintiff attempts to bring an action under the cited laws; denied that Defendants are liable

## PARTIES

2.    Admitted that Plaintiff worked for SUPERIOR for a period of time as a scheduler in Lee County, Florida; admitted that SUPERIOR's principal place of business was in Lee County, Florida; admitted that Plaintiff was an employee of SUPERIOR within the contemplation of 29 U.S.C. 203(e)(1); admitted that venue is proper; otherwise, denied.

Page **1** of **9**

3.  Admitted that SUPERIOR was a Florida corporation that grossed in excess of $500,000; admitted that MR. LOCKE was the president of SUPERIOR and that he had authority to hire, fire, assign work, withhold work, and affect the terms and conditions of SUPERIOR employees; otherwise, denied.

## JURISDICTION AND VENUE

4.  Admitted that this Court has jurisdiction; denied that there was any deprivation of rights secured by the FLSA.

5.  Admitted for venue purposes only.

## GENERAL ALLEGATIONS

6.  Admitted.

7.  Denied.

8.  Denied.

9.  Admitted that Plaintiff was promoted, reclassified as an exempt employee, and received a salary of approximately $53,000 on or around May 1, 2023; otherwise, denied.

10. Denied.

11. Admitted.

12. Admitted that Plaintiff was paid on a salary basis from May 1, 2023 until the end of her employment with SUPERIOR on October 24, 2024; otherwise, denied.

13. Admitted that Plaintiff sometimes worked in excess of 40-hours per week; otherwise, denied.

14. Denied that Plaintiff expressed objections SUPERIOR or MR. LOCKE about being misclassified; denied that Plaintiff was denied payment for overtime she was lawfully due; otherwise, without knowledge and therefore denied.

15. Denied that Plaintiff expressed objections SUPERIOR or MR. LOCKE regarding overtime; otherwise, without knowledge and therefore denied.

16. Denied.

## COUNT I: VIOLATION OF THE FLSA-UNPAID OVERTIME

17. Defendants incorporate their responses to paragraphs 1-16 as if fully set herein.

18. Denied.

19. Denied.

20. Admitted as to Plaintiff's employment with SUPERIOR; otherwise, denied.

21. Admitted that SUPERIOR was Plaintiff's employer for a period of time; otherwise, denied.

22. Denied.

23. Denied.

24. Denied.

25.   Denied.

## COUNT II- FLSA RETALIATION

26.   Defendants incorporate their responses to paragraphs 1-16 as if fully set herein

27.   Admitted that Plaintiff was an employee of SUPERIOR for a period of time and that SUPERIOR was a covered employer under the FLSA; otherwise, denied.

28.   Without knowledge and therefore denied.

29.   Denied.

30.   Denied.

31.   Denied.

32.   Denied.

33.   Denied.

**ANY AND ALL ALLEGATIONS OF PLAINTIFF'S COMPLAINT NOT HERETOFORE ADMITTED, DENIED, OR REFERENCED WITHOUT KNOWLEDGE, ARE HEREBY DENIED IN THEIR ENTIRETY.**

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff is not entitled to recovery of unpaid overtime because Plaintiff was properly classified as an exempt employee under the administrative exemption to the FLSA from May 1, 2023 until her employment with SUPERIOR ended on October 24, 2024.

Page **4** of **9**

**SECOND DEFENSE**

Plaintiff's claims are barred in whole or part by 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the FLSA.

**THIRD DEFENSE**

To the extent any overtime liability, if found, is *de minimus*, claims for such amounts are not subject to payment and do not constitute violations of the FLSA.

**FOURTH DEFENSE**

To the extent Plaintiff is determined to be entitled to recovery of back wages or overtime, Plaintiff may not recover liquidated damages because all conduct complained of was undertaken in good faith, for legitimate business reasons, and not for purposes of evading substantive obligations under the FLSA.

**FIFTH DEFENSE**

Plaintiff waived and/or is estopped by unclean hands from asserting claims to the extent the claims are based upon an alleged failure to pay wages because the Plaintiff did not timely or reasonably advise Defendants of any alleged mistakes in payment, or because the Plaintiff already received all compensation to which Plaintiff is entitled.

**SIXTH DEFENSE**

To the extent Plaintiff is entitled to compensation for hours worked over 40 in a single workweek, Plaintiff is only entitled to "half" time because Plaintiff has already been paid at least straight time for all hours worked.

**SEVENTH DEFENSE**

In calculating overtime liability (if any), Defendants are entitled to an offset to the extent further investigation and discovery reveal wrongful conduct and resulting monies owed to Defendants, or additional payments made to Plaintiff to which she was not otherwise entitled, including but not limited to wage overpayments.

**EIGHTH DEFENSE**

Plaintiff's retaliation claim is barred because Plaintiff was not employed by Defendants after October 24, 2024; therefore, Defendants did not terminate Plaintiff nor did Defendants subject Plaintiff to any adverse employment action whatsoever during her employment with SUPERIOR.

**NINTH DEFENSE**

Plaintiff's retaliation claim is barred because Plaintiff did not engage in any protected activity as defined by applicable law while she was employed by SUPERIOR.

**TENTH DEFENSE**

To the extent Plaintiff has received benefits from collateral sources or other set-offs, recoupments, earnings, other pay or benefits, Plaintiff's claims should be diminished accordingly.

**ELEVENTH DEFENSE**

Plaintiff's claim for damages in Count II is barred to the extent Plaintiff failed to exercise reasonable diligence in the mitigation of her alleged damages.

**TWELFTH DEFENSE**

To the extent Plaintiff has received benefits from collateral sources or other set-offs, recoupments, earnings, other pay or benefits, Plaintiff's claims should be diminished accordingly.

**DEFENDANTS RESERVE THE RIGHT TO AMEND THEIR DEFENSES AND/OR ASSERT ADDITIONAL DEFENSES TO THE CLAIMS AS ADDITIONAL FACTS MAY BECOME KNOWN DURING DISCOVERY.**

WHEREFORE, having fully answered the Complaint, having asserted affirmative and other defenses, Defendants request that:

a)   The Complaint be dismissed;

b)   Judgment be entered in favor of Defendants;

c)   All costs be taxed against the Plaintiff;

d)   Defendants recover court costs against Plaintiff as provided by applicable law;

e)   This Court reserve jurisdiction to enter further orders in this case; and

f)      Defendants be awarded such additional relief as the Court deems just and appropriate.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 18, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Benjamin H. Yormak, Esq., 27200 Riverview Center Blvd., Suite 109, Bonita Springs, FL 34134.

BOY AGNEW POTANOVIC MILLER, PLLC
Trial Attorneys for Defendants
23 Barkley Circle
Fort Myers, FL 33907
239.208.6500 (telephone)
239.208.6511 (facsimile)
Email: suzanne@bapfirm.com
Email: kati@bapfirm.com
Secondary Email: service@bapfirm.com


By: _/s/ Suzanne M. Boy_
     Suzanne M. Boy (Lead Counsel)
     Florida Bar No. 35400